**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                         |     |                              |
| --------------------------------------- | --- | ---------------------------- |
| **IKEASHIA SHACKLEFORD et al.,**        | )   |                              |
|                                         | )   |                              |
| **Plaintiffs,**                         | )   |                              |
|                                         | )   |                              |
| **v.**                                  | )   | **Case No. 26-cv-00792 (APM)** |
|                                         | )   |                              |
| **DISTRICT OF COLUMBIA,**               | )   |                              |
|                                         | )   |                              |
| **Defendant.**                          | )   |                              |
|                                         | )   |                              |

**<u>ORDER</u>**

Having considered the parties' positions, Defendant District of Columbia's Motion to Sever and Dismiss Improperly Joined Plaintiffs and Stay Answer Deadline, ECF No. 3 [hereinafter Def's Mot.], is granted in part and denied in part.

Joinder of plaintiffs in a single action is proper under Federal Rule of Civil Procedure 20(a) if (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a).  "To satisfy the 'same transaction or occurrence' prong of Rule 20(a), the claims sought to be joined must be 'logically related' to one another." *Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010).  Here, 14 Plaintiffs bring a single claim for attorneys' fees and costs under the Individuals with Disabilities Education Act (IDEA) arising from seven separate administrative proceedings.  *See* Compl., ECF No. 1, ¶¶ 23–50.  As in *Davidson*, "[b]eyond the fact that the claims all arise under the IDEA, the plaintiffs have offered nothing to suggest that the claims are logically related in any way." *Davidson*, 736 F. Supp. 2d at 121.

Accordingly, the claims for fees by all Plaintiffs but the first listed, Ikeashia Shackleford, must be severed. *See* Fed. R. Civ. P. 21 (allowing for severance based on misjoinder of parties).

Plaintiffs rely on a single case, *Parks v. District of Columbia*, 275 F.R.D. 17 (D.D.C. 2011), for the proposition that the joinder of multiple fees petitions involving multiple administrative proceedings is proper under Rule 20. Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot., ECF No. 4 [hereinafter Pls.' Opp'n], at 3.[1] But *Parks* is easily distinguished, as the court there found that the District of Columbia's application of a "common policy" of capping IDEA fees at $4,000 provided "a sufficient basis for concluding that there is a logical relationship between the plaintiffs' fees requests, such that they satisfy the first prong of Rule 20(a)." *Parks*, 275 F.R.D. at 19. This case involves no such common policy.

Plaintiffs' attempt to distinguish *Davidson* also is unconvincing. The plaintiffs in that case were the parents of 85 disabled students who prevailed in 158 separate IDEA administrative proceedings. *Davidson*, 736 F. Supp. 2d at 117. The court severed the claims of all but the first-listed plaintiff. *See id.* at 122. Plaintiffs seek to distinguish *Davidson* on the ground that it involved plaintiffs "who were represented by the same law firm, but not the same attorneys," whereas this case involves a single lawyer who represents all Plaintiffs. Pls.' Opp'n at 4. But even if that were an accurate factual distinction,[2] it is beside the point. The court in *Davidson* severed the plaintiffs' various fees claims because there was no logical relationship among them and thus failed to satisfy

---

[1] The other cases Plaintiffs cite are inapposite because they either did not raise the question of improper joinder, *see* Pls.' Opp'n at 3 (citing *Thompson v. District of Columbia*, No. 12-cv-103 (RC-AK), 2013 WL 12106870 (D.D.C. July 1, 2013), *report and recommendation adopted as modified*, 2013 WL 12108061 (D.D.C. July 24, 2013), and *Salmeron v. District of Columbia*, 77 F. Supp. 3d 201 (D.D.C. 2015)), or endorsed only in dicta combining multiple fees petitions in a single case, *id.* at 2 (citing *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 122 (D.D.C. 2004), and *Armstrong v. Vance*, 328 F. Supp. 2d 50, 55–56 (D.D.C. 2004)). The court is not persuaded by the dicta in those cases.

[2] It is not clear that *Davidson* involved multiple attorneys from the same firm. The opinion states that "each of the plaintiffs had been represented by the law firm Tyrka and Associates LLC, headed by attorney Douglas Tyrka." 736 F. Supp. 2d at 118. No other attorneys from Tyrka and Associates are referenced.

the first prong of Rule 20(a), not because the case involved more than one lawyer. *See Davidson*, 736 F. Supp. 2d at 121 ("The flexibility inherent in the logical relationship test does not give the court license to disregard the 'common transaction or occurrence' requirement of Rule 20(a)."). The same is true here.

Accordingly, the court grants Defendant's motion to sever but declines to dismiss the severed claims at this time. Any severed Plaintiff's claim will be dismissed, however, unless it is refiled as a separate, unrelated case within 60 days. *See id.* at 121–22. Defendant shall submit a Status Report no later than June 26, 2026, which advises whether the severed Plaintiffs have refiled their claims. Defendant shall answer the instant complaint insofar as it relates to Ms. Shackleford's fees petition by May 6, 2026. Defendant's request to stay the deadline to answer is denied as moot.

Dated:  April 22, 2026
Amit P. Mehta
United States District Judge